IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Auto-Owners Insurance Company, | ) | CA No. 6:07-850-HMH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Komatsu America Corp., Linder Industrial | ) | |
| Machinery Company, and | ) | |
| Mitchell Distributing Company, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Komatsu America Corp.'s ("Komatsu") motion to dismiss Auto-Owners Insurance Company's ("Plaintiff") complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. For the reasons set forth below, Komatsu's motion is denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Initially, the Plaintiff filed a complaint alleging claims for negligence, strict liability, and breach of implied warranties. On April 4, 2007, Komatsu moved to dismiss the Plaintiff's complaint, alleging that the Plaintiff's claims for negligence and strict liability were barred by the economic loss rule and that the applicable warranty expressly disclaimed the implied warranties of merchantability or fitness for a particular purpose. (Def.'s Mem. Supp. Mot. Dismiss 3-5.) In response, on April 23, 2007, the Plaintiff filed an amended complaint dismissing the negligence and strict liability claims and adding a claim for breach of express warranty. (Am. Compl., generally.) In addition, the Plaintiff added two defendants, Linder Industrial Machinery Company ("Linder") and Mitchell Distributing Company, LLC

1

("Mitchell").  On the same day, the Plaintiff filed a memorandum in opposition to Komatsu's motion.

According to the amended complaint, the Plaintiff provided property insurance coverage to Hammonds & Sons Grading and Erosion Control, LLC ("Hammonds") "against losses arising from certain hazards to its personal property," including providing coverage for a 2004 Komatsu excavator, serial number A-87138.  (Compl. ¶ 5.)  Hammonds purchased a 2004 Komatsu excavator ("excavator") from Mitchell which was "designed, manufactured, tested, marketed, advertised, recommended, and sold by Komatsu."  (Id. ¶ 6.)  The excavator caught fire and burned on a job site in Lyman, South Carolina on May 6, 2005.  The Plaintiff alleges that "Komatsu and Mitchell expressly and impliedly warranted that the excavator that is the subject of this lawsuit was merchantable, fit for Hammonds' particular purposes, safe, and not defective, when in fact those goods were not merchantable, not fit for Hammonds' particular purposes, not safe, and were defective."  (Id. ¶ 12.)

The Plaintiff, as subrogee to Hammonds, alleges an actual loss of $117,250.00 for the excavator.  (Id. ¶ 7.)  The Plaintiff paid Hammonds $122,250.00 for the destroyed excavator.  (Id. ¶ 8.)  However, the Plaintiff obtained $5,000.00 for the salvage of the destroyed excavator.  (Compl. ¶ 8.)

## II. DISCUSSION OF THE LAW

### A. Dismissal Standard

In the United States District Court, the plaintiff must only state a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Dismissal of a complaint for failure to state a claim is proper "only if it can be said that on the

claim as pleaded the claimant can prove no set of facts that would entitle her to relief." Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The court will treat factual allegations of the nonmoving party as true. Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

### B. Komatsu's Motion to Dismiss

Komatsu argues that the Plaintiff's claim for breach of the implied warranty of merchantability and fitness for a particular purpose must be dismissed because the express warranty applicable to the excavator expressly disclaims implied warranties. The "extended coverage" express warranty containing the disclaimer was submitted by Komatsu in support of its motion to dismiss. "[A] motion to dismiss under Rule 12(b)(6) tests only the legal sufficiency of the complaint, and consideration of this outside material would convert the motion into one for summary judgment under Rule 56." Pure Country Weavers, Inc. v. Bristar, Inc., 410 F. Supp. 2d. 439, 446 (W.D.N.C. 2006).

The Plaintiff alleges that discovery is necessary concerning the express and implied warranty claims. In support of its argument, the Plaintiff alleges that it was unaware that an express warranty applied to the excavator and "does not admit that the 'Extended Coverage' warranty is authentic or binding because it is not executed by either party." (Pl.'s Mem. Supp. Mot. Dismiss 3.) In addition, the Plaintiff submits that it is not clear "which parties are bound by express and implied warranties." (Id. 4.) Further, the "extended coverage" warranty that Komatsu attached to its memorandum in support of its motion to dismiss refers to a "standard new machine warranty," which Komatsu has not produced and the Plaintiff has not reviewed. (Id. 4-5.) The court agrees that discovery is necessary concerning the

3

Plaintiff's claims. Hence, the court declines to convert the instant motion to dismiss to a motion for summary judgment. Therefore, Komatsu's motion to dismiss is denied without prejudice to reassert the disclaimer of warranties argument in a Rule 56 motion for summary judgment.

Therefore, it is

**ORDERED** that Komatsu's motion to dismiss, docket number 8, is denied.

**IT IS SO ORDERED.**

                                         s/Henry M. Herlong, Jr.
                                         United States District Judge

Greenville, South Carolina
May 7, 2007